# CHARLES CARPENTER

## V.

# EDWARD BURKHARDT.

/INSTRUCTION.—An instruction to the effect that, as a matter of law, if the jury believe from the evidence that by the written contract, the defendant was to pay the plaintiff for the material and labor in question only upon the certificate of the architect, then it is necessary for the plaintiff to first obtain such certificate before he be entitled to recover payment from the defendant, or show a good reason for not doing so, would be erroneous as purporting to submit to the jury the construction of the written contract, and to determine as matter of law what would or would not amount to an excuse on the part of the plaintiff for the non-production of the architect's certificate.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed November 25, 1885.

This was an action by appellee, Burkhardt, against appellant, Carpenter, to recover for work, labor and materials done and furnished by the former for the latter in the construction of a stone-front building. There was a trial, under the general issue, resulting in a verdict and judgment for plaintiff, in the sum of $135.75, and the defendant brings the record here for revision. It appears therefrom that the work was done under a written contract between the parties, whereby plaintiff was to furnish the stone of the best limestone or Athens marble, and the work to be done in the best workmanlike manner by plaintiff, for which defendant was to pay a specified sum. The contract contained the usual provision, naming an architect who was employed by defendant to superintend the work, and providing that the work was to be done to his entire satisfaction, and that payments were to be made only upon his certificates. The plaintiff gave evidence tending to prove the completion of the work according to the contract, and some extra work, all amounting to a sum equal to that found by the jury; and also gave evidence by way of excusing the

non-production of the architect's certificate for the same, tending to show that during the progress of the work the defendant had dismissed said architect from his service and that the latter refused such certificate in part for that reason. The defendant gave evidence tending to prove defects or imperfections in the colors of the stone, and some other defects in the work; and also evidence in conflict with that of plaintiff as to the discharge of the architect as such.

The following instructions were asked on behalf of defendant and refused by the court:

" 3d. The jury are further instructed, as a matter of law, that if they believe from the evidence in this case, that the defendant was to pay the plaintiff for the cut stone in question and labor in setting the same in the building, only upon the certificate of the architect, William Longhurst, that such cut stone and labor were satisfactory to him, then it is necessary for the plaintiff to first obtain such certificate before he be entitled to recover payment from the defendant, or show a good reason for not doing so.

4th. If the jury believe from the evidence, that the quality of stone furnished by the plaintiff was not the best quality, or that the labor was defective, or that the labor performed by him was not of the best workmanship, then the jury are instructed to find such damages for the defendant as they believe he has sustained thereby, and recoup the same from whatever sum the jury believe there is due the plaintiff from the defendant, arising out of the said contract between them and in evidence in this case."

Mr. John E. Dalton, for appellant; cited Coey v. Lehman, 79 Ill. 173 ; Downey v. O'Donnell, 86 Ill. 49.

Mr. H. F. White, for appellee ; cited Fowler v. Deakman, 84 Ill. 130 ; Badger v. Kerber, 61 Ill. 328.

McAllister, J. We are of opinion that no sufficient ground has been shown upon the argument to justify us in interfering with the verdict of the jury, as being unsupported

by the evidence, or as being against the clear weight and preponderance of the evidence. We are also of opinion that there was no error on the part of the court below in refusing the third and fourth instructions asked for defendant. The third clearly purported to submit to the jury the construction of the written contract, and to determine as matter of law what would or would not amount to an excuse on the part of the plaintiff, for the non-production of the architect's certificate. It has been too many times decided, that it was error in civil cases to submit questions of law to the jury, to need any citations.

The fourth instruction was faulty in assuming that defendant had sustained damage, a fact in dispute on the trial, and besides, the matter, in correct form, had been given to the jury in defendant's second instruction. The judgment should be affirmed.

Affirmed.